IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Rylan Brantl, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-CV-04130-MDH |
| | ) |
| The Curators of the University of Missouri, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MOTION TO DISMISS OF DEFENDANT
## THE CURATORS OF THE UNIVERSITY OF MISSOURI

Pursuant to Federal Rule of Civil Procedure 12 (b)(1), Defendant The Curators of the University of Missouri moves this Court for its Order dismissing Plaintiff's Complaint as it is barred by the Eleventh Amendment to the U.S. Constitution. For its Suggestions in Support, Defendant states as follows:

### SUGGESTIONS IN SUPPORT

Plaintiff Rylan Brantl has filed suit against the Curators of the University of Missouri (hereinafter "the University") alleging that he was previously employed as a neurosurgery resident at the University's School of Medicine, and that the University breached its contract with him. Document 1, Complaint ¶1. Plaintiff's Complaint includes counts for breach of contract, breach of the covenant of good faith and fair dealing, and promissory estoppel. Plaintiff has not alleged any claim arising under federal law. Plaintiff's purported basis for this Court's jurisdiction is pursuant to 28 U.S.C. §1332. Complaint, ¶4. Because the University is entitled to 11th Amendment Immunity, the Complaint must be dismissed.

The Eleventh Amendment to the U.S. Constitution provides that the judicial power of the United States shall not extend to any suit in law or equity commenced against one of the United States by citizens of other states. This Amendment has been interpreted to prohibit suit against a state in federal court by that state's own residents. Hans v. Louisiana, 134 U.S. 1, 15-16 (1890). This Eleventh Amendment bar exists whether the relief sought by the plaintiff is legal or equitable in nature. Seminole Tribe of Florida v. Florida, 116 S.Ct. 1114, 1124 (1996). Defendant University is the state university of Missouri, established by Article IX, Section 9 of the Missouri Constitution, and is a public corporation organized and existing pursuant to section 172.020, RSMo. Plaintiff admits in his Complaint that the University is created pursuant to the Missouri Constitution. Document1, Complaint, ¶2. The University, as an instrumentality of the State of Missouri, is entitled to protection from suit pursuant to the Eleventh Amendment. See, e.g., Sherman v. The Curators of the University of Missouri, 871 F.Supp. 344, 348 (W.D. Mo. 1994) (holding that the University enjoys Eleventh Amendment protection from suit for breach of contract and promissory estoppel.)

There are only two exceptions to Eleventh Amendment immunity: 1) where the University has waived its immunity, and 2) where Congress, in the statute at issue, has "unequivocally expressed its intent to abrogate the immunity." Seminole Tribe of Florida v. Florida, 116 S.Ct. at 1123 (quoting Green v. Mansour, 474 U.S. 64, 68 (1985)). In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, waiver is found only where stated "by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction." Edelman v. Jordan, 415 U.S. 651, 673, 94 S. Ct. 1347, 1360–61, 39 L. Ed. 2d 662 (1974). In this case, there is no waiver of immunity by the University. Moreover, Plaintiff does not have a cause of action that arises from any statute which

includes an unequivocal statement of Congress' intent to abrogate immunity.  To the contrary, Plaintiff alleges only state law claims.   Plaintiff has not pleaded any waiver or other exception to Eleventh Amendment immunity, and cannot meet his burden of establishing federal court jurisdiction in this matter.  See  Kokkonen v. Guardian Life, Inc., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed. 2d 391 (1994) ("Federal courts are courts of limited jurisdiction. . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction.")  Therefore, this Court should dismiss the Complaint.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety, award Defendant its costs and fees, and grant such further relief as the Court deems just and proper in the premises.

> Respectfully submitted,
>
> Office of the General Counsel
> Stephen J. Owens, General Counsel
> */s/ Emily W. Little* _____
> Emily W. Little, Mo. Bar No. 49929
> littleew@umsystem.edu
>
>
> */s/ Paul R. Maguffee*
> Paul Maguffee, Mo. Bar No.  48126
> maguffeep@umsystem.edu
>
> 227 University Hall
> Columbia, Missouri 65211
> (573)882-3211(telephone)
> (573)882-0050 (facsimile)
> ***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2018, I filed the foregoing using the Court's electronic filing system, and that a copy of the foregoing was served via the Court's electronic filing system upon George Smith, plaintiff's counsel of record.

>*/s/ Emily W. Little*
>Attorney for Defendant