IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RYLAN BRANTL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18-CV-04130-MDH |
| | ) | |
| THE CURATORS OF THE | ) | |
| UNIVERSITY OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Defendant's Motion to Dismiss (Doc. 31). The Court, after full and careful consideration, hereby grants Defendant's motion.

## BACKGROUND

Plaintiff Rylan Brantl has filed his First Amended Complaint against the Curators of the University of Missouri. Plaintiff was employed by the University as a neurosurgery resident at the School of Medicine from July 1, 2008 to June 30, 2013.[1] Plaintiff was accepted into the University's six-year residency program where typically residents enter an annual Resident contract with the University each year. Plaintiff alleges the University breached its contract with him by dismissing him from the program in 2013. Plaintiff's First Amended Complaint includes counts for breach of contract, breach of covenant of good faith and fair dealing, promissory estoppel, and a retaliation claim pursuant to 31 U.S.C. §3730(h).

---

[1] The background facts are taken from Plaintiff's First Amended Complaint. The Complaint is 39 pages long and contains 197 paragraphs. As a result, for purposes of this Order the allegations are summarized.

1

Plaintiff's First Amended Complaint also contains numerous allegations that the University is not entitled to immunity, including but not limited to, that the University maintains a self-insurance policy and as a result any judgment against it would not be paid from the state treasury but would be paid by the insurance company; and that the University is currently autonomous from the state in its financial operations, legal representation, and independence from the State's control. Defendant has filed a motion to dismiss arguing Plaintiff's Complaint should be dismissed because the state law claims are barred by the Eleventh Amendment; the retaliation claim pursuant to 31 U.S.C. § 3730(h) lacks jurisdiction; and the retaliation claim is also barred by the statute of limitations.

**STANDARD**

Sovereign immunity is a jurisdictional, threshold matter that is properly addressed under Rule 12(b)(1). *Sundquist v. Nebraska*, 122 F. Supp. 3d 876 (D. Neb. 2015) (citing *Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014)). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial attack, the court "restricts itself to the face of the pleadings" and "the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the

defendant acted unlawfully. *Id.; Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Taking the factual allegations in the Complaint as true, the Court finds dismissal of Plaintiff's claims is appropriate.

**Eleventh Amendment Immunity – Counts I, II, and III.**

"The Eleventh Amendment immunizes an unconsenting State from damage actions brought in federal court, except when Congress has abrogated that immunity for a particular federal cause of action." *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999); see generally *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73, 120 S. Ct. 631, 640, 145 L. Ed. 2d 522 (2000) ("[F]or over a century now, we have made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States."). Three exceptions exist to Eleventh Amendment immunity: (1) where the state waives immunity by consenting to suit in federal court, (2) where Congress abrogates the state's immunity through valid exercise of its powers, and (3) under *Ex parte Young*, 209 U.S. 123 (1908), where the plaintiff files suit against state officials seeking prospective equitable relief for ongoing violations of federal law. *Sundquist v. Nebraska*, 122 F. Supp. 3d 876 (D. Neb. 2015).

Here, the University is entitled to Eleventh Amendment immunity. "The Eleventh Amendment encompasses not only actions where the state is actually named as a defendant, but also certain actions against state instrumentalities." *Becker v. Univ. of Nebraska at Omaha*, 191

F.3d at 908. In accordance with this principle, the Eighth Circuit has stated that "State universities and colleges almost always enjoy Eleventh Amendment immunity." See *Id.* (quoting *Hadley v. N. Arkansas Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996)). This Court has previously determined that the University of Missouri is considered an instrumentality of the State of Missouri and is entitled to Eleventh Amendment immunity. *Sherman v. Curators of Univ. of Missouri*, 871 F. Supp. 344, 348 (W.D. Mo. 1994) (assessing University of Missouri on the basis of its own particular circumstances and determining it is a state instrumentality acting as an arm of the State of Missouri and enjoys Eleventh Amendment protection); see also *Scherer v. Curators of Univ. of Missouri,* 49 F. App'x 658, 658 (8th Cir. 2002) (citing *Sherman* and affirming dismissal of ADA claim based on Eleventh Amendment immunity).

Accordingly, the University is entitled to Eleventh Amendment immunity in this case. First, the University has not waived its Eleventh Amendment immunity by consenting to suit in federal court. Second, Congress has not validly abrogated the University's immunity for Plaintiff's claims arising from breach of contract (Count I); breach of covenant of good faith and fair dealing (Count II); or promissory estoppel (Count III). Third, Plaintiff has not brought any claims against any individuals at the University.

Finally, Plaintiff's allegations contained in his Complaint, including that the funding the University receives from the State has changed since *Sherman*, is unpersuasive to find sovereign immunity no longer applies. As Defendant argues, there are no allegations that the University's constitutional authorization, controlling legislation, or governing structure has changed to waive immunity. While Plaintiff's Complaint alleges factors that he believes waives sovereign immunity, he does not allege any facts that change the controlling precedent that the University is entitled to immunity. Plaintiff's allegations that the funding has changed since the decision in

*Sherman* does not change the University's controlling governance. Accordingly, the Court finds Counts I, II and III are barred by Eleventh Amendment immunity and the Court lacks subject matter jurisdiction to hear them. These claims are hereby dismissed.

**False Claims Act – Retaliation Claim.**

Count IV of Plaintiff's First Amended Complaint brings a cause of action pursuant to 31 U.S.C. § 3730(h). Plaintiff claims retaliation against the University under the FCA. However, a private individual may not "bring suit in federal court on behalf of the United States against a State (or state agency) under the False Claims Act." *United States ex rel. Galuten v. Univ. of Missouri-Columbia*, No. 2:11-CV-04140-FJG, 2017 WL 5953302, at *4 (W.D. Mo. Mar. 29, 2017); citing *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 768, 787-88, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000) (noting the "longstanding [statutory] interpretive presumption that 'person' does not include the sovereign," and finding that individuals cannot proceed against states under the FCA, but not reaching the question as to whether the United States can file suits against states under the FCA). Further, Plaintiff has not shown that there is an intent under the FCA to waive the University's sovereign immunity. Therefore, even if Plaintiff has a right to bring a claim for retaliation under the FCA it would be barred by sovereign immunity.

Finally, even if Plaintiff could bring his claim under FCA and sovereign immunity does not apply, Plaintiff's retaliation claim would be barred by the statute of limitation set forth in 31 U.S.C.A. § 3730(h)(3). The statute states: Relief from retaliatory actions - a civil action under this subsection may not be brought more than 3 years after the date when the retaliation occurred. *Id.* Here, Plaintiff alleges he was discharged from the residency program in June 2013. Plaintiff filed his initial lawsuit in June 2018 and added his claim for retaliation in October 2018 – well over 3 years from the alleged retaliation.

For all the reasons set forth herein, the Court finds Plaintiff's claim for retaliation under the FCA should also be dismissed.

## CONCLUSION

Wherefore, for the reasons set forth herein, the Court **GRANTS** the motion to dismiss.

**IT IS SO ORDERED.**

**Date: June 3, 2019**

                                              */s/ Douglas Harpool*
                                              **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**